Toner v. Citizens' State Bank.

---

TONER ET AL. v. CITIZENS' STATE BANK OF KEWANNA,
INDIANA.

[No. 3,078. Filed March 16, 1900. Rehearing denied June 5, 1900.]

WAREHOUSEMEN.— Receipts.— Transfer.— Negotiable Instruments.—
Bailment.—A warehouse receipt transferred by mere delivery is not negotiable under §8722 Burns 1894, and the assignee takes the same subject to any defense existing at the time of the transfer or before notice thereof to the warehousemen.

From the Fulton Circuit Court. Reversed.

*A. D. Toner, I. Conner, J. Rowley* and *J. G. Williams,* for appellants.

*Enoch Myers, G. W. Holman* and *R. C. Stephenson,* for appellee.

COMSTOCK, J.—The complaint in this cause was in four paragraphs. The first paragraph is as follows: "The plaintiff in the above entitled cause, complaining of the defendants, says that on August 31, 1887, the defendant, Joseph Murphy, deposited with his codefendants, A. D. Toner and Brunck, who were then, and now are, the owners, proprietors, and operators of what is known as the Kewanna Elevators, situated in Kewanna, Fulton county, 84 50-60 bushels of wheat, and took from said Toner and Brunck a receipt therefor as follows: No. 632. Kewanna Elevators. Kewanna, Ind., Aug. 31, 1887. Received of Joe Murphy, 84 50-60 bushels wheat in store, subject to our charges for insurance. Grade sixty. A. D. Toner and Brunck. By J. Mellette."

That said Murphy was on August 27, 1891, indebted to the plaintiff in the sum of $550, for which he gave his note to the plaintiff, which sum, the interest, or any part thereof, has never been paid, and at the same time transferred to the plaintiff, by delivery thereof, said receipt as collateral security for the payment of said indebtedness. That it was agreed by and between said Toner and Brunck and said Murphy, at the time of said deposit, that there would be no storage charges whatever on said wheat, nor should there be any other charges to said Murphy on account of said deposit. That said storage receipt was transferred to the plaintiff herein by delivery only, hence said Murphy is made party defendant herein, and required to answer as to any interest he may claim herein. That prior to the beginning of this suit, to wit, on the 15th day of January, 1897, the plaintiff herein presented said receipt to said A. D. Toner and Brunck at their warehouse, and demanded return of said wheat, but that said bailees refused to deliver

Toner *v.* Citizens' State Bank.

said wheat to the plaintiff. That upon said refusal the plaintiff herein demanded pay therefor at the market price, viz., eighty-five cents per bushel, which said bailees refused to pay. That said wheat was at that time worth the sum of eighty-five cents per bushel, or the gross sum of $72.11 in the market at said town of Kewanna. Each of the other four paragraphs of the complaint is identical with the one just quoted, except a different wheat receipt is set out in each one. All of these receipts, however, are alike except as to date, quantity of wheat stated in them, and the grade of the wheat. In the second paragraph the receipt is dated September 27, 1890, calls for 53 50-60 bushels, and the grade is fifty-eight. In the third the receipt is dated December 4, 1890, calls for 132 30-100 bushels, and the grade is fifty-seven. In the fourth paragraph, the receipt is dated August 17, 1891, calls for 300 45-60 bushels, and the grade is sixty. Murphy was defaulted; the cause was put at issue as to Toner and Brunck, submitted to a jury, and a verdict returned on which judgment was rendered against all the appellants in favor of appellee for $533.26.

The first and fifth specifications of the assignment of errors are discussed, it being admitted that the others present no available error. The first specification is that "the complaint does not state facts sufficient to constitute a cause of action against said appellants." The fifth is that the court erred in overruling the motion of appellants Toner and Brunck for a new trial.

Counsel for appellant claim that this complaint is for conversion, and that it is bad for the reasons (1) that it does not show ownership or interest of Murphy in the property for which the receipts were drawn; (2) that the instruments set out in the complaint are simply the acknowledgment of the receipt of property without any affirmative obligation; (3) that the delivery of the receipts without indorsement did not operate to transfer any of the wheat.

The complaint shows that appellants Toner and Brunck were warehousemen under §8720 Burns 1894, §6541 Hor-

ner 1897. The receipts set out in the complaint comply substantially with the requirements of §8721 Burns 1894, §6542 Horner 1897. It is averred, however, that they were transferred by delivery. Such transfer not being by indorsement did not make them negotiable under the last named section. Still it was an equitable assignment of the interest of the bailor, and appellee took whatever rights they gave the depositor. There were more than the acknowledgment of the receipt of property. Each receipt was a contract of bailment, an agreement to store, to hold subject to the demand of the bailor, subject to the insurance charges therein provided for. The title of the bailor to the property could not be questioned by the bailee. The bailor transferred, in the course of business, the receipts as collateral security for the payment of a *bona fide* indebtedness created at the date of the transfer. The assignment being an equitable one, the assignor being made a party to answer to his interest in the property in question, the complaint is good so far as any objections are pointed out.

Three reasons set out in the motion for a new trial are discussed. The first and second reasons are based upon the ground that the damages assessed are excessive. These reasons were well founded. The receipts not being negotiable by the statute, §8721 Burns 1894, §6542 Horner 1897, appellee took them without prejudice to any defense or other set-off existing at the time of or before notice of the transfer to appellants. Appellants by way of set-off asked credit for an indebtedness due them from Murphy, before they had notice of the transfer of the receipts to appellee. The evidence clearly establishes that these items of credit claimed were for grain and flour furnished and for grinding done at the appellants' mill for and at the request of Murphy; credit was also claimed for insurance and storage. There was a conflict in the evidence as to whether Murphy was to pay storage, and the verdict of the jury is decisive of that question. There may, too, be some question as to the amount of the insurance, upon the evi-

dence, but the written receipts provide for insurance, and, in the absence of fraud or mistake in their execution, they could not be contradicted by parol. The evidence, however, in reference to insurance, was withdrawn by the court from the consideration of the jury, without objection on the part of counsel for appellants, and as to that item of set-off no question is presented. There are other items of set-off for which it is manifest that appellants were entitled to credit, and for which it is equally manifest credit was not given in the calculations of the jury. Appellees were allowed the total value of the wheat with interest from the date of demand. From this amount appellants Toner and Brunck were entitled to have deducted the amount owing them from Murphy up to the time they received notice of the transfer of the receipts. As their claim will be the subject of proof upon another trial, we need only designate the character without specifying the items to which they are entitled to credit. The question presented by the third reason for a new trial may not arise upon another trial, and we do not consider it.

Judgment reversed, with instruction to sustain the motion for a new trial.